IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § § | |
| **OMEGA NAVIGATION ENTERPRISES, INC.;** | § § § | Case No. 11-35927 |
| **GALVESTON NAVIGATION INC.;** | § § | Case No. 11-35928 |
| **BEAUMONT NAVIGATION INC.;** | § § | Case No. 11-35930 |
| **CARROLTON NAVIGATION INC.;** | § § | Case No. 11-35931 |
| **DECATUR NAVIGATION INC.;** | § § | Case No. 11-35933 |
| **ELGIN NAVIGATION INC.;** | § § | Case No. 11-35934 |
| **FULTON NAVIGATION INC.;** | § § | Case No. 11-35936 |
| **ORANGE NAVIGATION INC.;** | § § | Case No. 11-35937 |
| **BAYTOWN NAVIGATION INC.;** | § § | Case No. 11-35926 |
| **OMEGA NAVIGATION (USA) LLC.** | § § | Case No. 11-35938 |
| Debtors. | § | Chapter 11 |

**DEBTORS' EMERGENCY MOTION PURSUANT TO RULE 1015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE REQUESTING JOINT ADMINISTRATION <u>OF CHAPTER 11 CASES</u>**

  IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

  IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE

**COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.**

Omega Navigation Enterprises, Inc. ("Omega")[1] et al., the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this motion (the "Motion"), for an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting joint administration of their chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 1015(b).

## II. BACKGROUND

**Business Description**

2.     On July 8, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United

---

[1] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to such terms in the Affidavit of Gregory McGrath (the "First Day Affidavit"), Chief Financial Officer of Omega Navigation Enterprises, Inc., filed on the Petition Date and incorporated herein by reference.

States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession. By this Motion, the Debtors request joint administration of these chapter 11 cases. No trustees or examiners have been appointed in these cases.

3. Omega is an international provider of marine transportation services focusing on seaborne transportation of refined petroleum products. Omega was founded in 2005 and its corporate headquarters is in Athens, Greece. Omega is the parent company of the Debtors, is incorporated in the Marshall Islands, and completed its initial public offering in April 2006. Omega's Class A Common Shares are traded on the NASDAQ National Market under the symbol "ONAV" and are also listed on the Singapore Exchange Securities Trading Limited under the symbol "ONAV 50."

4. Together, the Debtors wholly own a fleet of eight high specification product tankers. Each wholly-owned vessel is owned by a separate Debtor entity (each a "Vessel Owner"), all of which are wholly-owned by Omega. The vessels have a combined cargo capacity of 512,358 deadweight tons (dwt). All vessels in the Omega fleet are double hull in order to meet the International Maritime Organization regulations banning all single hull tankers by 2010 or 2015, depending on the port or flag state. Omega's product tankers are designed to transport several different refined petroleum products simultaneously in segregated, coated cargo tanks. These cargoes typically include gasoline, jet fuel, kerosene, naphtha, gas oil and heating oil.

5. Omega generates revenues by employing its fleet of vessels on time charters as well as in the spot market. For all of the wholly-owned vessels, Omega provides the commercial

management in-house through the wholly-owned non-debtor subsidiary Omega Management, Inc. This management includes obtaining employment for the vessels, negotiating charters, and managing relationships.

6. Technical management of the vessels (e.g. managing day-to-day vessel operations, performing general vessel maintenance, ensuring regulatory and classification society compliance, oil majors vetting procedures, supervising the maintenance and general efficiency of vessels, arranging hire of qualified officers and crew, arranging and supervising drydocking and repairs, purchasing supplies, spare parts and new equipment for vessels, appointing supervisors and technical consultants and providing other technical support) is provided by the non-debtor Omega Management, Inc. for six of the vessels, and the remainder of the vessels are technically managed by a third party. Omega is responsible for the strategic management of the fleet, including locating, obtaining financing for, purchasing and selling vessels and formulating and implementing overall business strategies.

**Description of Secured Debt**

7. Omega is a borrower pursuant to that certain senior secured Facilities Agreement for a US$242,720,000.00 Term Loan dated April 7, 2006 (as amended, modified and supplemented), whereby HSH Nordbank AG is, among other things, appointed agent, security agent and trustee, and HSH Nordbank AG, Credit Suisse, The Governor and Company of the Bank of Scotland, and Dresdner Bank AG are lenders (the "<u>Senior Facility</u>"). Approximately $242.72 million is currently outstanding under the Senior Facility. The Senior Facility is secured by, among other things, Vessel Owners' guarantees, first priority mortgages, first priority assignment of insurances in respect to the vessels, and first priority assignment of each of the vessels' earnings.

8.  Importantly, prior to initiating these bankruptcy proceedings, Omega filed two lawsuit in the Courts of the Hellenic Republic (the "Greece Litigation") against the lenders under the Senior Facility (the "Senior Lenders"), and Omega reserves its right to seek further damages or enforce the present lawsuits by the filing of additional suits.

9.  In the first suit, Omega asserts, among other things, that the Senior Lenders are in material breach of an agreement whereby they promised to extend the time for repayment of principal under the Senior Facility for three years from the original due date (i.e. extend to April 12, 2014).  The Senior Lenders have not honored their agreement and have refused to extend the repayment under the Senior Facility.  Omega also asserts, among other things, that the Senior Lenders have engaged in abusive exploitation of the relationship of financial dependence between the Debtors and the Senior Lenders and such conduct is opposite to the good faith and contractual ethics required by European standards of competition, and therefore such actions are invalid.  The claims of Omega for abusive exploitation of their dominant position are based on Article 82 of the European Convention and the related European Commission Regulation 1/2003, which are applicable in Greece, as well as pursuant to Greek Law 703/77.

10. In the second lawsuit, Omega asserts, among other things, that Omega has been and continues to be seriously damaged by, among other things, the Senior Lenders' breach and abusive actions.  Such damages amount to approximately $570,000,000.00 (plus interest) at the time of filing the second suit, and, via the second suit, Omega seeks indemnification for such damages.

11. Based on the Greece Litigation and the allegations therein, Omega disputes the obligations under the Senior Facility and the claims of the Senior Lenders, as well as the interests granted under the security documents related to the Senior Facility.

12. Omega is also a borrower pursuant to that certain Junior Secured Loan Agreement for a loan of up to US$42,500,000.00 (as amended, modified and supplemented), whereby by The Bank of Tokyo-Mitsubishi UFJ, Ltd, New York Branch ("BTM") and NIBC Bank N.V. are swap banks, NIBC Bank N.V. is appointed agent, and BTM and NIBC Bank N.V. are lenders (the "Junior Credit Agreement," and together with the Senior Facility, the "Prepetition Indebtedness").  Approximately $36.2 million is outstanding under the Junior Credit Agreement.  The Junior Credit Agreement is secured by, among other things, Vessel Owners' guarantees, second priority mortgages, second priority assignment of insurances in respect to the vessels, and second priority assignment of each of the vessels' earnings.

13. Together, the lenders under the Senior Facility and the Junior Credit Agreement are referred to herein as the "Prepetition Lenders."  All collateral securing the Prepetition Indebtedness is referred to herein as the "Prepetition Collateral."

14. Omega is also the borrower under a $5,250,000.00 secured demand convertible promissory note between Omega and One Investments, Inc. dated July 16, 2010 (the "Promissory Note").  The Promissory Note is due on demand at any time after its first anniversary.  The Promissory Note is secured by a pledge of all shares of Omnicrom Holdings Ltd. and a guarantee by Omnicrom Holdings Ltd.  Georgios Kassiotis is the president of One Investments, Inc.  Mr. Kassiotis is also an officer of each of the Debtors and a director of each of the Debtors (except for Omega Navigation (USA) LLC, which is member managed).

### III. RELIEF REQUESTED

15. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek joint administration of their chapter 11 cases and implementation of the following procedures:

(a) One docket shall be maintained for the Debtors' cases under the case number assigned to Omega.

(b) The caption of the cases shall be modified to reflect their joint administration as follows:

| | | |
|---|---|---|
| **In Re:** § § | | |
| **OMEGA NAVIGATION ENTERPRISES, INC., et al.,**[1] § § § | Case No. [11-    ] | |
| § | **Joint Administration Requested** | |
| Debtors. § | **Chapter 11** | |

(c) A notation substantially similar to the following notation shall be entered on the docket for Galveston Navigation Inc., Beaumont Navigation Inc., Carrolton Navigation Inc., Decatur Navigation Inc., Elgin Navigation Inc., Fulton Navigation Inc., Orange Navigation Inc., Baytown Navigation Inc., and Omega Navigation (USA) LLC to reflect that each such case shall be jointly administered under the Omega Navigation Enterprises, Inc. chapter 11 case:

> An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Omega Navigation Enterprises, Inc., Case No. [  -         ]. The docket for Omega Navigation Enterprises, Inc. should be consulted for all matters affecting this case.

(d) The Office of the U.S. Trustee shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors, if required.

(e) One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time.

---

[1] The Debtors in these chapter 11 cases are Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; Baytown Navigation Inc.; and Omega Navigation (USA) LLC.

(f) The Debtors may file consolidated Schedules of Assets and Liabilities and Statements of Financial Affairs.

(g) Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed.

(h) A separate claims register shall be maintained for each Debtor.

(i) The Debtors shall be authorized to file the monthly operation reports required by the United States Trustee on a consolidated basis.

### IV. BASIS FOR RELIEF REQUESTED

16. Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor and its affiliates. Omega Navigation Enterprises, Inc., is the parent company of the debtors Galveston Navigation Inc., Beaumont Navigation Inc., Carrolton Navigation Inc., Decatur Navigation Inc., Elgin Navigation Inc., Fulton Navigation Inc., Orange Navigation Inc., Baytown Navigation Inc., and Omega Navigation (USA) LLC and, therefore, it is an "affiliate" of each entity, as such term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested in this Motion.

17. The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of both Debtors. The Debtors respectfully submit that joint administration of their chapter 11 cases is in the best interests of their estates, creditors, and other parties-in-interest; and will further the interests of judicial economy and administrative expediency by, among other things, obviating the need to: (i) file duplicate motions, (ii) enter duplicate orders, and (iii) forward unnecessary, duplicate notices and other documents to creditors and other

parties-in-interest, which actions would cause the Debtors' estates to incur unnecessary costs and expenses.

### V.  NOTICE

18.     Notice of this Motion has been or will be provided (a) the Office of the United States Trustee for the Southern District of Texas, (b) all known or alleged secured creditors, (c) the 30 largest unsecured non-insider creditors of the Debtors (on a consolidated basis), (d) all known shareholders holding over 5% of a class of equity interests of Omega Navigation Enterprises, Inc., (e) all Debtor professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Southern District of Texas, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules.  The Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By: _/s/ William A. (Trey) Wood III_
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:   (713) 223-2300
Facsimile:    (713) 221-1212

-and-

Evan Flaschen
Conn. Bar No. 304232
Evan.Flaschen@bgllp.com
Ilia M. O'Hearn
Conn. Bar No. 423613
Ilia.OHearn@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile:  (860) 246-3201

**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 8, 2011, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and by United States first class mail, postage prepaid.

>   */s/ Jason G. Cohen*
>   Jason G. Cohen