IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| OMEGA NAVIGATION ENTERPRISES, INC., et al.,[1] | § § § | Case No. [11-     ] |
| | § | Joint Administration Requested |
| Debtors. | § | Chapter 11 |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION (I) AUTHORIZING THE DEBTORS TO PAY OR HONOR PREPETITION OBLIGATIONS TO FOREIGN VENDORS, SERVICE PROVIDERS AND GOVERNMENTS AND CERTAIN CRITICAL VENDORS, AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon consideration of the Emergency Motion For an Order (I) Authorizing the Debtors to Pay or Honor Prepetition Obligations to Foreign Vendors, Service Providers and Governments and Certain Critical Vendors, and (II) Authorizing Financial Institutions to Honor All Related Checks and Electronic Payment Requests (the "Motion"),[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; (iv) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary under the circumstances; (v) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due

---

[1] The Debtors in these chapter 11 cases are Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; Baytown Navigation Inc.; and Omega Navigation (USA) LLC.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion.

HOUSTON\3788542.1

deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion.  Therefore, it is hereby

ORDERED, that the Motion and all relief requested therein is GRANTED as provided herein; and it is further

ORDERED, that the Debtors are authorized, but not required, to pay or honor prepetition obligations to certain essential vendors that provide (a) essential goods to the Debtors that were received by the Debtors before the Petition Date; and/or (b) essential services that were rendered to, or on behalf of, the Debtors before the Petition Date (collectively, the "Critical Vendors"); and it is further

ORDERED, that the Debtors are authorized to pay all or part of the prepetition claims of Critical Vendors, in an aggregate amount not to exceed $2.0 million (the "Critical Vendor Fund") upon such terms and in the manner provided for in this order; and it is further

ORDERED, that the Debtors are authorized, but not directed, to make full or partial payment to a Critical Vendor from the Critical Vendor Fund only to the extent that the Debtors deem, in the exercise of their business judgment, and after negotiation, that such payment is necessary to ensure that the particular Critical Vendor will provide necessary goods and services to the Debtors on a postpetition basis; and it is further

ORDERED, that the Debtors shall make a reasonable effort, as is practical under the circumstances, to condition payment to any Critical Vendor upon an agreement by the Critical Vendor in question to provide reasonable and customary price, service, quality and payment terms to the Debtors on a postpetition basis; and it is further

ORDERED, that the Debtors shall maintain a summary list of all payments to Critical Vendors, and provide updated copies of such list to the Office of the United States Trustee for the Southern District of Texas, counsel to the agents for the Debtors' prepetition secured lenders,

and counsel to any official committee appointed in these cases on a monthly basis; and it is further

ORDERED, that the Debtors are hereby authorized to issue postpetition checks and to make postpetition fund transfer requests to replace any prepetition checks and prepetition transfers to Critical Vendors that may be dishonored by any bank; and it is further

ORDERED, that, notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the Debtors' assumption of any contract or agreement under 11 U.S.C. § 365; and it is further

ORDERED, that, notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity; and it is further

ORDERED, that, nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims pursuant to this Order; and it is further

ORDERED, that all financial institutions are authorized to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the relief requested in the Motion; and it is further

ORDERED, that any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim; and it is further

ORDERED, that the relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE