IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OMEGA NAVIGATION ENTERPRISES, INC., et al.,[1] | ) ) ) ) | Case No. 11-35926 (KKB) |
| Debtors. | ) ) ) | Joint Administration Requested |

**OMNIBUS PRELIMINARY RESPONSE AND RESERVATION OF
RIGHTS OF HSH NORDBANK AG, AS SENIOR FACILITIES AGENT,
TO CERTAIN OF THE DEBTORS' FIRST-DAY MOTIONS**
[This response relates to Docket Nos. 9, 10, 11 and 12] [2]

HSH Nordbank AG ("HSH Nordbank"), as agent (in such capacity, the "Senior Facilities Agent") for certain banks as lenders under that certain Facilities Agreement dated as of April 7, 2006, by and through its undersigned counsel, hereby files this omnibus preliminary response and reservation of rights (the "Response") to the following motions[3] (collectively, the "First-Day Motions") filed by the above-captioned debtors (the "Debtors"):

- Debtors' Emergency Motion for Order (I) Authorizing Debtors to (A) Pay Prepetition Wages and Salaries to Employees and (B) Pay Prepetition Benefits and to Continue Benefit Programs in the Ordinary Course, and (II) Authorizing Financial Institutions to Honor all Related Checks and Electronic Payment Requests [Docket No. 9] (the "Wages and Benefits Motion");

---

[1]  The Debtors in these Chapter 11 cases are Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; Baytown Navigation Inc.; and Omega Navigation (USA) LLC.

[2] The Debtors connection to the United States and this District is unclear.  By filing this objection the Senior Facilities Agent does not waive, and hereby expressly reserves all rights and defenses regarding jurisdiction, venue and dismissal.

[3]  The Senior Facilities Agent has filed a separate objection (the "Cash Collateral Objection") to the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, and 363 and Bankruptcy Rules 2002, 4001, and 9014 (I) Authorizing the Debtors to Use Cash Collateral of Existing Secured Lenders, (II) Granting Adequate Protection for Use Thereof, and (III) Scheduling Final Hearing [Docket No. 13].

HOU:3133887.3

- Debtors' Emergency Motion for Order Authorizing Maintenance of Insurance Policies and Payment of Insurance Premiums [Docket No. 10] (the "<u>Insurance Motion</u>");

- Debtors' Emergency Motion for an Order (I) Authorizing the Debtors to Pay or Honor Prepetition Obligations to Foreign Vendors, Service Providers and Governments and Certain Critical Vendors, and (II) Authorizing Financial Institutions to Honor all Related Checks and Electronic Payment Requests [Docket No. 11] (the "<u>Critical Vendors Motion</u>"); and

- Debtors' Emergency Motion for Order (I) Authorizing Continued Use of Existing Business Forms and Records; (II) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (III) Waiving the Requirements of 11 U.S.C. § 345(b) [Docket No. 12] (the "<u>Cash Management Motion</u>").

The Senior Facilities Agent respectfully states as follows:

**RESERVATION OF RIGHTS AND PRELIMINARY RESPONSE**

1. As a general proposition, the Senior Facilities Agent fully supports the grant of authority necessary for the Debtors to preserve, operate and maintain their vessels (which are mortgaged to the Senior Facilities Agent). The First Day Motions generally appear oriented toward this goal. However, the First-Day Motions were only filed on Friday, July 8, 2011, without advance notice or review by the Senior Facilities Agent. Moreover, the Senior Facilities Agent's financial advisor has been in transit from London over the weekend and the Senior Facilities Agent would like the benefit of his full review and insights. Accordingly, the Senior Facilities Agent expressly reserves the right to supplement and amend this Response. As a preliminary matter, the Senior Facilities Agent offers the following observations:

I. **The Wages and Benefits Motion.**

2. The Senior Facilities Agent is in the process of reviewing the "Summary of Employee Claims," which it received on Sunday, July 10, 2011. The Senior Facilities Agent reserves the right to supplement and amend this Response upon completion of its review. The

Senior Facilities Agent questions whether any payments in respect of prepetition amounts should be made to Debtors' management and if any payments are proposed for employees of non-Debtors affiliates.

**II.     The Insurance Motion.**

3. The Senior Facilities Agent supports the Debtors maintaining insurance on the Senior Facilities Agent's collateral. Accordingly, the Senior Facilities Agent requests that its financial advisor be provided access to the policies and the Debtor's risk management personnel so that he can assess the insurance coverage.

**III.    The Critical Vendors Motion.**

4. Pursuant to the Critical Vendors Motion, the Debtors seek authority to pay approximately $2 million to certain "critical vendors" which, in various instances, "are the only source or the most preferred source from which the Debtors can procure certain goods and services within a timeframe and at a price that will permit the Debtors to continue to smoothly operate their business." (Critical Vendors Motion ¶ 18.) The Debtors, in the Critical Vendors Motion, lay out various categories of goods and services provided by critical vendors, and describe at length what may make a vendor "critical" to the Debtors' business operations. However, the Critical Vendors Motion fails to identify with specificity any critical vendor. Accordingly, the Senior Facilities Agent requests that the Debtors provide a list of proposed critical vendors.

**IV.    The Cash Management Motion.**

5. The Senior Facilities Agent respectfully submits that any resolution with respect to the Cash Management Motion be consistent with its position laid out in the Cash

Collateral Objection.  For example, the Debtors should not be allowed to close any Earnings Accounts as the motion requests

Dated:  July 10, 2011

Respectfully submitted,

By: */s/ Timothy A. Davidson II*
 Timothy A. Davidson II
 State Bar No. 24012503
 Joseph P. Rovira
 State Bar No. 24066008
 ANDREWS KURTH LLP
 600 Travis, Suite 4200
 Houston, Texas 77002
 (713) 220-4200 (Telephone)
 (713) 220-4285 (Facsimile)

-and-

 Thomas E. Lauria  (pro hac vice motion to be filed)
 Scott Greissman (pro hac vice motion to be filed)
 David Hille (pro hac vice motion to be filed)
 Douglas P. Baumstein (pro hac vice motion to be filed)
 WHITE & CASE LLP
 1155 Avenue of the Americas
 New York, New York 10036
 (212) 819-8200 (telephone)
 (212) 354-8113 (facsimile)

Attorneys for HSH Nordbank AG, as Senior Facilities Agent

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing Objection was served this 10th day of July, 2011 via ECF notice on those parties set up for ECF notice.

*/s/ Timothy A. Davidson II*
Timothy A. Davidson II

HOU:3133887.3

5