# Exhibit 3



# OMEGA NAVIGATION ENTERPRISES, INC.

TO: HSH Nordbank AG (the "Senior Agent")
Gerhart-Hauptmann-Platz 50
D-20079 Hamburg
Germany
Attention: Reinhard Günther

**BY FAX AND E-MAIL**

Your Ref:   OE 5224/Neu

9 March 2011

Dear Sirs

**USD145,000,000 Term Loan / USD150,000,000 Revolving Credit Facilities Agreement to Omega Navigation Enterprises Inc. (the "Borrower") dated 7 April 2006 (as amended and supplemented from time to time) (the "Senior Loan Agreement")**

Unless otherwise defined, words and expressions defined in the Senior Loan Agreement shall have the same meaning when used in this Letter.

We refer to the letter dated 18 February 2011 from yourselves as Senior Agent (on behalf of the Banks under the Senior Loan Agreement (the "**Senior Lenders**")) to ourselves in our capacity as Borrower or Owner (as applicable).

<u>Alleged Events of Default</u>

We refer to the instances which are described as Events of Default stated in your letter of 18 February 2011 as follows:

1. **Clause 10.1.1 (Non-payment):** On the basis that no non-payment has arisen in connection to the Senior Loan Agreement, we assume from this that the Senior Agent is stating that a non-payment (and equivalent Event of Default) has arisen pursuant to the Junior Loan Agreement.

    The Borrower has repeatedly maintained in regular e-mail correspondence to the Senior Agent that no Cash Sweep prepayment amount is due or payable to the Junior Agent pursuant to the terms of the Junior Loan Agreement. The Borrower has provided further confirmation in a letter to the Senior Agent and has provided further calculations to support the manifest error made by the Junior Agent.

---

*61, Vas. Sofias Avenue, • 115 21 Athens. Greece • Tel. : +30 210 4139 130, fax : +30 210 4220 230*
*E-mail: contact@omeganavigation.com       http://www.omeganavigation.com*



## OMEGA NAVIGATION ENTERPRISES, INC.

As stated in such letter, the Borrower has repeated its objection to the application by the Senior Agent of moneys in payment to the Junior Banks purportedly by way of the "Cash Sweep". The making of such payment was neither justified nor within the competence of the Senior Agent (as Account Bank) without the prior consent of the Borrower. The Borrower has reserved its rights to take such action as may be appropriate to prevent such cash sweep payments by the Senior Agent (which are outside the terms of the Junior Loan Agreement).

2. **Clause 10.1.4 (Breach of other obligations):** we refer to the alleged breach of obligations stated in your letter of 18 February 2011, as follows:

2.1 **Clause 7.2.3:** as stated above, such Cash Sweep payments were never deemed payable by the Borrower and as a result the Borrower does not consider that a breach of such representation has ever occurred nor that such representation has ever been false since April 2010;

2.2 **Clause 8.1.7:** the Borrower has provided (and continues to provide) the Senior Agent with all financial and other information requested in accordance with its undertaking. Indeed the Borrower has responded and provided to the Senior Agent information further to requests set out in its letters dated 26 January 2011 and 1 February 2011. Our letters dated 3 and 25 February 2011 and this Letter confirm that the Borrower and each of the Owners continue to use their best endeavours to deliver and provide the Finance Parties with the information required in accordance with Clause 8.1.7;

2.3 **Clause 8.1.8:** as stated above, the erroneous payment of Earnings to accounts other than the Earnings Account arose due to administrative error. In accordance with our letter of 3 February 2011 and as instructed by the Senior Agent, the Borrower and each Owner have taken all necessary steps to ensure that all future Earnings are applied to the relevant Earnings Accounts in accordance with the Senior Loan Agreement and each General Assignment. In addition, the Borrower has sought to remedy any potential breach of undertaking to the satisfaction of the Senior Agent within its prescribed deadlines;

2.4 **Clause 8.1.16:** the Borrower has continued to meet all security requirements prescribed and instructed by the Senior Agent. The Senior Agent has acknowledged our issuance of all notices of assignment in your letter of 18 February 2011 which have each been sent to the Charterers. Notwithstanding the perfection of the assignments, the Borrower continues to use all best endeavours to obtain each acknowledgement of assignment for the benefit of the Senior Agent. Moreover, the



**OMEGA NAVIGATION ENTERPRISES, INC.**

Borrower will continue to assist the Senior Agent in connection with any further Manager's Undertakings if so required; and

2.5   **Clause 8.7.3:** the Borrower maintains that on the basis of the previous financial reports provided to the Senior Agent it remains in compliance with all financial covenants. In particular, the Borrower has always sought to maintain its Working Capital in accordance with the Senior Loan Agreement. Any failure to maintain Working Capital will have been as a direct result of the unauthorised actions of the Senior Agent (as Account Bank) outside of the requirements of the Finance Documents.

The irregular payment of the cash sweep prepayment amounts was neither justified nor within the competence of the Senior Agent (as Account Bank) without the prior consent of the Borrower. The Borrower has reserved its rights to take such action as may be appropriate to prevent such cash sweep payments by the Senior Agent (outside the terms of the Junior Loan Agreement) and it is inappropriate for the Senior Agent to ascribe as an Event of Default a circumstance brought about as a result of its own unmerited conduct.

In view of the Senior Agent's erroneous payment of a cash sweep payments in favour of the Junior Agent, the Borrower is fully reserving its rights.

2.6   **Clause 14.1.3:** the Borrower has sought always to procure that all moneys payable to the Borrower and/or the Owners in respect of Earnings are paid in to the Earnings Account. As stated above, the erroneous payment of Earnings to accounts other than the Earnings Account arose due to administrative error. The Borrower and each Owner have taken all necessary steps to ensure that all future Earnings are applied to the relevant Earnings Accounts in accordance with the Senior Loan Agreement and each General Assignment.

3.   **Clause 10.1.17 (Invalidity):** the Borrower has not sought to contest or invalidate the enforceability or effect of any Security Document or any Underlying Document and has continued to acknowledge its responsibilities thereunder.

As stated above, the Borrower has continued to meet all security requirements prescribed and instructed by the Senior Agent. The Senior Agent has acknowledged our issuance of all notices of assignment in your letter of 18 February 2011 which have each been sent to the Charterers. Notwithstanding the perfection of the assignments, the Borrower continues to use all best endeavours to obtain each acknowledgement of assignment for the benefit of the Senior Agent.



## OMEGA NAVIGATION ENTERPRISES, INC.

In relation to management of the Ships, the Borrower and each respective Owner have continued to liaise with the Senior Agent to procure its consent to the appointment, termination and/or amendment of any Management Agreement in accordance with the Senior Loan Agreement and have at all times kept the Senior Agent advised of any issues that arose under such management agreements.

In view of the contents of this Letter, the Borrower refutes any allegation that Events of Default have been occasioned under either the Senior Loan Agreement or the Junior Loan Agreement. To the extent that any potential breach of obligations has occurred (which is not admitted) the Borrower has ensured that these are remedied in accordance with the Senior Agent's instructions within 14 days.

Yours faithfully

Charilaos Loukopoulos
for and on behalf of
OMEGA NAVIGATION ENTERPRISES, INC.
ORANGE NAVIGATION INC.
BAYTOWN NAVIGATION INC.
CARROLTON NAVIGATION INC.
DECATUR NAVIGATION INC.
BEAUMONT NAVIGATION INC.
GALVESTON NAVIGATION INC.
ELGIN NAVIGATION INC.
FULTON NAVIGATION INC.