

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/11/2011

| | | |
|---|---|---|
| In Re: | § § | |
| OMEGA NAVIGATION ENTERPRISES, INC., et al.,[1] | § § § | Case No. [11-     ] |
| | § | Joint Administration Requested |
| Debtors. | § | Chapter 11 |

### ORDER AUTHORIZING MAINTENANCE OF INSURANCE POLICIES AND PAYMENT OF INSURANCE PREMIUMS

Upon consideration of the Emergency Motion for Order Authorizing Maintenance of Insurance Policies and Payment of Insurance Premiums (the "Motion"),[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; (iv) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary under the circumstances; (v) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is hereby

---

[1] The Debtors in these chapter 11 cases are Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; Baytown Navigation Inc.; and Omega Navigation (USA) LLC.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion.

ORDERED, that the Motion and all relief requested therein is GRANTED as provided herein; and it is further

ORDERED, that the Debtors are authorized, but not directed, to maintain and renew their Insurance Programs (including D&O Insurance policies) without interruption, on the same basis, and in accordance with the same practices and procedures as were in effect prior to the commencement of the Debtors' chapter 11 cases; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay, in their sole discretion, all Insurance Obligations, including those Insurance Obligations that were due and payable or related to the period before the commencement of these chapter 11 cases without further order of the Court; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay all premium adjustment amounts that may come due under the Insurance Programs (including D&O Insurance policies); and it is further

ORDERED, that nothing in this Order nor any actions taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; and it is further

ORDERED, that nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defense related thereto; and it is further

ORDERED, that any relevant financial institutions are authorized, consistent with the terms of any applicable cash management order entered in these cases, when requested by the

Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks drawn on or direct deposit and funds transfer instructions relating to the Debtors' accounts and any other transfers that are related to the Insurance Programs (including D&O Insurance policies) and the Insurance Obligations and the costs and expenses incident thereto; *provided* that sufficient funds are available in the accounts to make such payments; *provided further*, that (i) any such financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Petition Date should be honored post-petition pursuant to this Order and (ii) any such financial institution shall not have liability to any party for relying on the representations of the Debtors as provided herein; and it is further

ORDERED, that the Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein; and it is further

ORDERED, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: 7-11-11

_____
UNITED STATES BANKRUPTCY JUDGE

\* subject to later objection by U.S. Trustee