IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| | § | |
| **BAYTOWN NAVIGATION, INC., et al.,**[1] | § | **Case No. 11-35926** |
| | § | |
| | § | **Jointly Administered** |
| | § | |
| **Debtors** | § | |

## STATEMENT OF HSH NORDBANK AG, AS SENIOR FACILITIES AGENT, IN RESPECT OF PROPOSED FINAL ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL OF EXISTING SECURED LENDERS AND (II) GRANTING ADEQUATE PROTECTION FOR USE THEREOF
### [Relates to the Motion and Proposed Order at Docket Nos. 13 and 87][2]

HSH Nordbank AG, as agent (in such capacity, the "Senior Facilities Agent") for certain

banks as lenders (the "Senior Facilities Lenders") under that certain Senior Facilities

Agreement,[3] by and through its undersigned counsel, hereby submits this Statement (the

"Statement") in respect of the final cash collateral order (the "Final Order") proposed by the

above-captioned debtors and debtors-in-possession (the "Debtors"), (I) Authorizing the Debtors

to Use Cash Collateral of Existing Secured Lenders, and (II) Granting Adequate Protection for

Use Thereof.

---

[1]    The Debtors in these chapter 11 cases are Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; Baytown Navigation Inc.; and Omega Navigation (USA) LLC.

[2]    The Debtors' connections to the United States and to this District are unclear. The Senior Facilities Agent has requested from the Debtors documentation indicating that jurisdiction and venue are proper; the requests are pending. By filing this Statement, the Senior Facilities Agent does not waive, and hereby expressly reserves, all rights and defenses regarding jurisdiction, venue and dismissal.

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Final Order.

## STATEMENT

1.     As the Court is aware, the Senior Facilities Agent and the Senior Facilities Lenders have a dim view of the Debtors' reorganization prospects. Notwithstanding the serious concerns of the Senior Facilities Agent, in order to avoid unnecessary distraction at this juncture, the Senior Facilities Agent has negotiated a form of final cash collateral order in good faith with the Debtors' professionals which attempts to maintain the status quo (as best as possible under the circumstances) until the proper direction of these cases is determined by the Court.

2.     To be clear, however, the Senior Facilities Agent respectfully submits that the Final Order <u>does</u> <u>not</u> in fact fully maintain the status quo, and that the Senior Facilities Agent <u>is</u> <u>not</u>, by consenting to the Final Order, acknowledging that the interests of the Senior Facilities Lenders are in fact adequately protected. Rather, the Senior Facilities Agent maintains the view that the only way the Senior Facilities Lenders' interests can be adequately protected is by liquidating the Ships. The parties and the Court will be confronting these and related issues soon, and the Senior Facilities Agent reserves all rights in this regard.

3.     By this Statement, the Senior Facilities Agent simply asks that the Court note that in respect of the Final Order and these cases a number of important issues remain unaddressed by the Final Order, and likely will need to be confronted at some point in the future. These include the following:

- The Debtors are not paying current interest on the Senior Facilities Obligations, and are not reimbursing the Senior Facilities Agent for its professional fees and expenses. Such payments are typical forms of adequate protection. <u>See</u> 11 U.S.C. § 361(1). As a consequence, the Senior Facilities Lenders' claims are growing at well over $1 million per month (up to the value of the Senior Facilities Collateral). The Senior Facilities Agent understands that the Debtors' current cash flow might not be sufficient to pay such

2

amounts as well as the Debtors' professional fees so, clearly, there is a real risk of
administrative insolvency here. In any event, under these unusual circumstances, where
the Debtors are paying their own professionals and are not making <u>any</u> payments to their
secured lenders, the Debtors would normally be required to carry their burden of proving
that the Senior Facilities Lenders are adequately protected in some other way,
presumably here by attempting to demonstrate that a sufficient equity cushion exists in
the Senior Facilities Collateral. The Senior Facilities Agent, however, believes that there
may be no equity cushion or that any equity cushion in the collateral is, at most, <u>de</u>
<u>minimis</u>, and accordingly, that the Senior Facilities Lenders' interest in the collateral is
being irremediably eroded. The Debtors and the Senior Facilities Agent, however, have
determined that a dispute as to the value of the Senior Facilities Lenders' collateral and
over related issues is better reserved for a later date, when the Court can consider them on
full information and in the overall context of these cases. At this juncture, the primary
interest of all parties is in maintaining and preserving the Debtors' assets and operations
as best as possible under the circumstances.

- The Senior Facilities Agent believes the budget line items for the Debtors' professional
fees (approximately $750,000 per month) is inappropriately high, especially if these cases
fail in the near term. Rather than engage the Court now in a dispute over this issue,
however, the Senior Facilities Agent will rely on the fee application process and the
Court's scrutiny over such fees for, among other things, reasonableness, in light of the
applicable provisions of the Bankruptcy Code and the legal standards enunciated for the
Fifth Circuit in <u>In re Pro-Snax Distributors, Inc.</u>, 157 F.3d 414 (5th Cir. 1998), and its
progeny.

- To the extent assets exist which are unencumbered by the Senior Facilities Liens, fees and expenses of the Debtors' professionals should be paid from the cash proceeds of such assets, rather than from the Cash Collateral. The Senior Facilities Agent will raise this issue at the appropriate juncture.

- The "Events of Default" in the Final Order are not nearly as robust as those under the Senior Facilities Documents or as would normally be required for commercial ship financings, even for a non-distressed ship-owner. Thus, events may occur that are not technically Events of Default under the Final Order, but which may give rise to significant insecurity on the part of the Senior Facilities Lenders or risk to their collateral and which may require the Senior Facilities Agent to seek relief from the Court (including to terminate use of Cash Collateral), perhaps on an emergency basis. All such rights, as well as those of the Debtors or other parties in interest to respond in any way, are unimpaired and fully preserved by the Final Order.

- While the Senior Facilities Agent and the Debtors' professionals have been working together in good faith and will continue to do so, obtaining certain important information from the Debtors about their operations and affairs, and the collateral, has been difficult. Among other things, the Senior Facilities Agent would like written evidence (as opposed to simply confirmation by the Debtors) that all insurance premiums are paid and up to date, as well as certain specific documentation relating to the Ships' charters and voyages. Moreover, the Debtors have refused to commit in the Final Order to provide specific financial reporting and other information which has already been agreed. The Final Order does state that the parties shall agree in good faith on such reporting, and for now that is sufficient. However, the Senior Facilities Agent reserves the right to seek

4

Bankruptcy Rule 2004 discovery to obtain any information that the Debtors do not voluntarily provide. The Senior Facilities Agent continues to be hopeful that all reasonably requested information can be obtained informally and expeditiously.

- The Debtors' Budget lacks sufficient line item detail and related supporting information that still has not been provided. The Debtors have thus far also refused to commit to provide updated cash flow projections or reconciliations. The Senior Facilities Agent also requests budgets on a ship-by-ship basis. We will continue to work with the Debtors' professionals, but all rights in regard to the Budget are not waived and are fully preserved.

- The Final Order includes a reservation of the purported rights and interests of Gulf Marine & Industrial Supplies (Hellas), Inc., and others, who claim to have maritime liens on certain Senior Facilities Collateral. The Senior Facilities Agent disputes the existence of such liens and, if they exist, the priority of such liens (which can only be junior and subordinate to the Senior Facilities Liens). The Senior Facilities Agent believes any questions of the validity, extent, enforceability and priority of any purported maritime liens is a matter of non-U.S. law and reserves all of its rights in that regard.

5

## CONCLUSION

4.     Recognizing that the Debtors' counsel has made good faith efforts and has

addressed some, but not all, of the Senior Facilities Agent's most pressing concerns, the Senior

Facilities Agent has no objection to entry of the Final Order, subject to the various reservations

identified herein.

Respectfully submitted this 29th day of July, 2011

By:  */s/ Timothy A. Davidson II*

Timothy A. Davidson II
State Bar No. 24012503
Joseph P. Rovira
State Bar No. 24066008
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 (Telephone)
(713) 220-4285 (Facsimile)

-and-

WHITE & CASE LLP
Thomas E Lauria (pro hac vice motion to be filed)
Scott Greissman (admitted pro hac vice)
David Hille (admitted pro hac vice)
Douglas P. Baumstein (admitted pro hac vice)
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200

Attorneys for HSH Nordbank AG, as Senior Facilities
Agent

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing Statement was served this 29th

day of July, 2011 via ECF notice on those parties set up for ECF notice and via United States

mail on the parties on the attached service list.

*/s/ Timothy A. Davidson II*
Timothy A. Davidson II