IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| BAYTOWN NAVIGATION INC., et al.,[1] § | Case No. 11-35926 | |
| § | | |
| § | | |
| Debtors. § | Jointly Administered | |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF
PROFESSIONALS USED IN THE ORDINARY
<u>COURSE OF THE DEBTORS' BUSINESS</u>**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**THIS MOTION HAS BEEN SET FOR HEARING ON AUGUST 29, 2011, AT 2:00 P.M. IN COURTROOM 403, 515 RUSK, HOUSTON, TX 77002.**

Omega Navigation Enterprises, Inc. ("<u>Omega</u>")[2] et al., the above-captioned debtors and debtors-in-possession (together, the "<u>Debtors</u>"), by and through their undersigned proposed

---

[1] The Debtors in these chapter 11 cases are Baytown Navigation Inc.; Omega Navigation Enterprises, Inc.; Galveston Navigation Inc.; Beaumont Navigation Inc.; Carrolton Navigation Inc.; Decatur Navigation Inc.; Elgin Navigation Inc.; Fulton Navigation Inc.; Orange Navigation Inc.; and Omega Navigation (USA) LLC.

attorneys, hereby filed this Motion for an Order Authorizing the Employment of Professionals used in the Ordinary Course of the Debtors' Business (the "Motion") and in support thereof, respectfully represent as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion are §§ 105(a), 327, 328, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  RELEVANT BACKGROUND

2. On July 8, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as debtors-in-possession.  These case are being jointly administered.  No trustees or examiners have been appointed in these cases.

3. Omega Navigation Enterprises, Inc. ("Omega") is an international provider of marine transportation services focusing on seaborne transportation of refined petroleum products.  Omega was founded in 2005 and its corporate headquarters is in Athens, Greece.  Omega is the parent company of the Debtors and is incorporated in the Marshall Islands.

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to such terms in the Affidavit of Gregory McGrath (the "First Day Affidavit"), Chief Financial Officer of Omega Navigation Enterprises, Inc., filed on the Petition Date and incorporated herein by reference.

4. Additional background relating to the Debtors and their commencement of these chapter 11 cases is set forth in detail in the First Day Declaration.

### III. RELIEF REQUESTED

5. The Debtors seek the entry of an order under §§ 327 and 328 of the Bankruptcy Code authorizing the Debtors to retain professionals utilized by the Debtors in the ordinary course of business (the "<u>Ordinary Course Professionals</u>"). The Debtors request that the retention of such Ordinary Course Professionals be effective as of the date of the commencement of the Debtors' chapter 11 cases per Local Rule 2014-1, or such later date as applicable.

6. The Debtors seek to employ the Ordinary Course Professionals to render discrete services to the estates for matters that are essential to the Debtors' chapter 11 proceedings. These services include support services, certain accounting services, and consulting and related services, which are necessary to the day-to-day continuation of the Debtors' businesses. The Ordinary Course Professionals and the services they will provide are listed on **Exhibit A** attached hereto.

7. In light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each of the Ordinary Course Professionals. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders with respect to each Ordinary Course Professional.

8. The Debtors propose that the estates be permitted to pay each Ordinary Course Professional, without a prior application to the Court by such professional, the full amount of the fees and disbursements billed, upon the submission to and approval by the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and

disbursements actually incurred and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); <u>provided</u>, <u>however</u>, that if any Ordinary Course Professional's fees and disbursements exceed a total of $30,000 per month, then the payments to such Ordinary Course Professional for such excess amounts shall be subject to the prior approval of the Court in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules and Orders of this Court and the Fee Guidelines promulgated by the Executive Office of the United States Trustee.[3]

9. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to any of the Debtors, their creditors or other parties in interest that should preclude such Ordinary Course Professional from continuing to represent the Debtors. The Debtors will file declarations of disinterestedness on behalf of each of the Ordinary Course Professionals that the Debtors seek to employ, certifying that the professional does not hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is sought to be employed, prior to any hearing on this Motion.

10. The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these cases, as the need arises. The Debtors propose to file a list or lists

---

[3] This $30,000 cap does not apply to Ernst & Young (Hellas) S.A. ("<u>E&Y</u>") whose engagement letter is being assumed pursuant to the Debtors' Motion for Authority to Assume Auditing Agreement With Ernst & Young (Hellas) Certified Auditors - Accountants S.A. Pursuant to Bankruptcy Code § 365(a), which is being filed contemporaneously herewith. As of the Petition Date, E&Y was owed approximately €77,000.00, which amount has been paid postpetition pursuant to Court order. Consequently, all remaining amounts (approximately €95,000.00) will be earned and paid postpetition. Additional terms of Ernst & Young's engagement are defined in the Motion for Authority to Assume.

of such additional professionals with the Court and to serve same on the consolidated Master Service List.

11. The Debtors further propose that if no objections to any such supplemental list are filed within seven (7) days after service of the list, the list would be deemed approved by the Court without the need for a hearing.

12. The proposed ordinary course retention and payment procedures set forth herein will not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as Debtors' proposed bankruptcy counsel and financial advisors.

13. The proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above is in the best interests of the Debtors' estates and their creditors. Retention and payment plans similar to that proposed herein have been approved and utilized in many chapter 11 cases in this district. *See, e.g., In re Seahawk Drilling, Inc.*, Case No. 11-20089, Docket No. 490 (Bank. S.D. Tex. April 5, 2011) (establishing $20,000 monthly cap per professional without further review per Bankruptcy Code sections 330 and 331); *In re Lack's Stores, Inc.*, Case No. 10-60149, Docket No. 368 (Bankr. S.D. Tex. Jan. 12, 2011) (establishing $10,000 monthly cap per professional not to exceed $50,000 for entire case); *In re Harborwalk, LP*, Case No. 10-80043, Docket No. 80 (Bankr. S.D. Tex. Feb. 24, 2010) (establishing $20,000 monthly cap per professional); *In re Bigler LP*, Case No. 09-38188, Docket No. 114 (Bankr. S.D. Tex. Dec. 2, 2009) (establishing $50,000 monthly cap per professional not to exceed $100,000 for entire case); *In re Deep Marine Holdings, Inc.*, Case No. 09-39313, Docket No. 53 (Bankr. S.D. Tex. Dec. 18, 2009) (establishing $20,000 monthly cap per professional); *In re Edge Petroleum Corp.*, Case No. 09-20644, Docket No. 23 (Bankr. S.D.

Tex. Nov. 3, 2009) (establishing $20,000 monthly cap per professional without review of invoices by interested parties).

14. The relief requested herein will save the estates the expense of separately applying for the employment of each professional. Furthermore, relieving the Ordinary Course Professionals of the requirement of preparing and prosecuting fee applications will save the estates the additional professional fees and expenses that would be generated by the fee application process. Likewise, the procedure outlined above will spare the Court and the United States Trustee from having to consider numerous fee applications involving relatively modest amounts of fees and expenses.

WHEREFORE, premises considered, the Debtors respectfully request that the Court grant the relief requested in the Motion and grant such other and further relief as is just and proper.

    Respectfully submitted,

    **BRACEWELL & GIULIANI LLP**

    By: */s/ William A. (Trey) Wood III*
        William A. (Trey) Wood III
        Texas Bar No. 21916050
        Trey.Wood@bgllp.com
        Jason G. Cohen
        Texas Bar No. 24050435
        Jason.Cohen@bgllp.com
        711 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone: (713) 223-2300
        Facsimile: (713) 221-1212

    -and-

-7-

        Evan Flaschen
        Conn. Bar No. 304232
        Evan.Flaschen@bgllp.com
        Ilia M. O'Hearn
        Conn. Bar No. 423613
        Ilia.OHearn@bgllp.com
        Goodwin Square
        225 Asylum Street, Suite 2600
        Hartford, CT 06103
        Telephone: (860) 947-9000
        Facsimile: (860) 246-3201

**PROPOSED COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 8, 2011, a true and correct copy of this document was served on all parties on the attached master service list by electronic means as listed on the court's ECF noticing system, by electronic mail as indicated, and/or by United States first class mail, postage prepaid.

*/s/ Jason G. Cohen*
Jason G. Cohen